**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Civil Division)**

_____

**MICHAEL LEWIS**,                          )
5926 Fenwick Ave                      )
Baltimore, MD 21239               )
                                        )
      Plaintiff,                   )      Civil Action No. 1:22-cv-03288-GLR
                                          )
        v.                       )      **AMENDED COMPLAINT &**
                                          )      **JURY DEMAND**
**PORTS AMERICA CHESAPEAKE, LLC.[1]**   )
2200 Broening Highway             )
Baltimore, MD 21224              )
                                          )
**STEAMSHIP TRADE ASSOCIATION OF**  )
**BALTIMORE, INC.**                 )
8615 Ridley's Choice Drive, Suite 202    )
Baltimore, MD 21202             )
                                          )
      Defendant.               )
_____)

**AMENDED[2] COMPLAINT**

COMES NOW Plaintiff, Michael Lewis (hereinafter "Plaintiff" or "Mr. Lewis"), by and through his undersigned counsel, for his amended complaint states as follows:

**<u>NATURE OF THE CASE</u>**

1.    Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e et seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981 *et seq*., and the Age Discrimination in Employment Act of 1967 ("ADEA"), for the

---

[1] Plaintiff initially listed Port of America of Baltimore as the Defendant in this matter. Through this Amended Complaint, the Defendants have been identified as registered.

[2] Plaintiff timely submits this amended Complaint as ordered on February 21, 2023 (ECF. No. 4).

Defendant's unlawful race (African American), color (Black), and age (YOB: 1960) discrimination against the Plaintiff as set forth below.

## PARTIES

2.      Plaintiff is currently domiciled in Baltimore, Maryland.  Plaintiff is a resident of the State of Maryland and is a United States citizen.  Plaintiff is an employee of Ports America Chesapeake, LLC. ("Ports America"). At all relevant times, Plaintiff was an employee of Ports America.

3.      Defendant Ports America Chesapeake, LLC. is a member-employer of the Steamship Trade Association, headquartered in Baltimore, Maryland.

4.      Defendant Steamship Trade Association ("STA") is a multi-employer association representing employers in the Port of Baltimore.

## JURISDICTION

5.      This Honorable Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws, or treaties of the United States, specifically Title VII, 42 U.S.C. § 1981, and the ADEA.

6.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

## VENUE

7.      Venue is appropriate in this District and based on the fact that Defendants have their principal place of business in this District, the acts events and/or omissions giving rise to Plaintiff's claims as described herein occurred in this District, and the Plaintiff resides in this District. 28 U.S.C. § 1391.

8.      The amount in controversy, exclusive of interest and costs, exceeds the sum of seventy-five thousand ($75,000) dollars.

**EXHAUSTION OF REMEDIES**

9.      Plaintiff has exhausted his administrative remedies as follows.

10.     On August 26, 2015, Plaintiff initiated contact with the United States Equal Employment Opportunity Commission ("EEOC") Baltimore Filed Office alleging discrimination based on race and age.

11.     On September 1, 2015, Plaintiff filed a EEOC Charge of Discrimination alleging discrimination based on age. EEOC Charge No. 531-2015-02133C.

12.     Plaintiff's case was referred to the Office of Civil Rights & Wage Enforcement – Baltimore City Community Relations Commission ("BCRC") for processing.

13.     On May 18, 2016, BCRC returned to the case to the EEOC as requested and closed its case.

14.     On February 12, 2021, the EEOC issued a Determination and determined that there is reasonable cause to believe that Plaintiff was discriminated against in violation of Title VII with respect to denial of training and promotion based on his race.

15.     Defendant was offered the opportunity to participate in Conciliation.

16.     The EEOC could not reach a settlement with Defendant that would provide relief for Plaintiff.

17.     On November 29, 2022, the EEOC issued the Notice of Right to Sue to Plaintiff.

18.     On December 21, 2022, Plaintiff timely filed a civil complaint *pro se* alleging discrimination based on race, color, national origin[3], and age.

---

[3] Through this amended complaint, Plaintiff withdraws discrimination based on national origin.

3

## FACTS

19.     At all times relevant to the claims made herein, Plaintiff was an employee of PAC in Baltimore, Maryland.

20.     Plaintiff was employed with Ports America from October 31, 2003 through January 30, 2011.

21.     Plaintiff worked for Domino Sugar for a brief period, but returned to Ports America on December 18, 2011, where he has remained employed as a Foreman.

22.     On December 7, 2007, after successfully completing a two (2) week Container Crane Operator Maritime Institute of technology and Graduate Studies ("MITAG") course, Plaintiff was issued a certificate of completion.

23.     Following Plaintiff's completion of the MITAG classroom and simulated training, he was never afforded the opportunity to complete the practical portion of the training, which included in crane training and "seat time."

24.     Typically, the following week after attending MITAG a trainee gets "seat time" with a trainer.

25.     Plaintiff was told that there were no funds available for him to participate in the practical training, but twelve (12) White employees were trained as soon as they left MITAG training.

26.     Plaintiff filed a grievance in 2012-2013 and as a result of his frustration left the David Kohler gang.

27.     In 2014-2015, Plaintiff returned to the Charles Kleibe gang[4].

---

[4] The "gang system" is utilized by Ports America. Under this system, members in a particular "gang" begin to earn seniority.

28.     On June 28, 2015, Plaintiff filed a Seniority Board/Trade Practice Grievance alleging discrimination based on race and age due to denied crane training.

29.     On several occasions between 2008 and 2015, Plaintiff requested an opportunity to complete the practical portion of the training so he could be certified as a Crane Operator.

30.     Defendant routinely provided Plaintiff with various reasons his practical training was denied.

31.     While all Longshoreman are subjected to the same training process, White trainees and trainees under 40, received more favorable treatment than Plaintiff.

32.     Practical training section is discretionary and mainly the choice of the Gang Carrier.

33.     The determination of who passes or fails the practical portion of training are dependent on the Crane Trainers and Superintendents who are predominately white.

34.     While being denied this opportunity, several individuals with less seniority than Plaintiff were MITAG trained and certified, and currently working crane operating jobs.

35.     Crane operating positions come with increased salary, fringe benefits, and employment opportunities.

36.     To date, Plaintiff still has not been afforded the opportunity to complete the practical training.

**CAUSES OF ACTION**

**COUNT ONE**

**(Discrimination on the Basis of Race and Color in Violation of Title VII, 42 U.S.C. §2000e, *et seq*)**

37.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

38.    42 U.S.C. § 2000e-2 makes it unlawful for an employer to fail or refuse to hire, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment on the basis of such individual's race and color.

39.    Plaintiff works for Defendant and is a member of a class protected under by virtue of his race (African American) and color (Black).

40.    As an entity formed and doing business within the jurisdiction of the United States, Defendant must abide by 42 U.S.C. § 2000e-2.

41.    Other employees of Defendant and who are individuals who are not Black or African-American are treated more favorably than Plaintiff by: receiving MITAG and practical training, becoming certified, and promoted to Crane Operators, a position for which Plaintiff is highly qualified but not allowed to obtain due to denial of practical training despite his completion of MITAG in December 2007.

42.    The individual(s) selected for the practical training and Crane Operator positions are a different race (White) than Plaintiff.

43.    The Defendant has refused to allow Plaintiff to complete practical training although Plaintiff has repeatedly made requests and expressed interest, despite being prohibited from refusing to hire or promote employees based on their race and color.

44.    The foregoing actions by Defendant constitute discrimination on the bases of race and color, which have infringed upon Plaintiff's right to enjoy the terms, conditions, and privileges of employment and be provided the opportunity for advancement in his career, in violation of 42 U.S.C. § 2000e-2.

45.    As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings and other financial losses,

embarrassment, humiliation, and other forms of pain and suffering that is on-going, and permanent in nature without Plaintiff in anyway contributing thereto.

46.    Defendant Ports America is responsible for the acts and omissions of its employees for actions taken in the scope of and in the course of their employment.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.    Award compensatory damages;

b.    Award punitive damages;

c.    Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, and lost job benefits he would have received but for Defendant's unlawful conduct;

d.    Award any out-of-pocket expenses incurred as a result of Defendant's unlawful conduct;

e.    Award reasonable attorneys' fees, costs, and expenses incurred for this action;

f.    Award equitable, declaratory, and injunctive relief; and

g.    Award such other and further relief as this Honorable Court deems just and proper.

## COUNT TWO

### (Discrimination on the Basis of Race in Violation of 42 U.S.C. § 1981)

47.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

48.    42 U.S.C. § 1981 provides equal rights under the law, specifically that all persons within the jurisdiction of the United States shall have the same right in every State and Territory

to make an enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by White citizens.

49.    Pursuant to 42 U.S.C. § 1981(b), "make and enforce contract" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

50.    Plaintiff is a member of a racial minority (Black) who works for Defendant and is entitled to equal rights under the law pursuant to 42 U.S.C. § 1981.

51.    As an entity formed and doing business within the jurisdiction of the United States, Defendant must abide by 42 U.S.C. § 1981.

52.    Other employees of Defendant and who are individuals who are not Black are treated more favorably than Plaintiff by: receiving MITAG and practical training, becoming certified, and promoted to Crane Operators, a position for which Plaintiff is highly qualified but not allowed to obtain due to denial of practical training despite his completion of MITAG in December 2007.

53.    The individual selected for the practical training and Crane Operator positions are a different race (White) than Plaintiff.

54.    The Defendant has refused to allow Plaintiff to complete practical training although Plaintiff has repeatedly made requests and expressed interest, despite being prohibited from refusing to hire or promote employees based on their race.

55.    The foregoing actions by Defendant constitute discrimination on the basis of race, which have infringed upon Plaintiff's right to make and enforce contracts, as well as his right to the full and equal benefit of all laws and proceedings for the security of persons and property, in violation 42 U.S.C. § 1981.

56.    As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings and other financial losses, embarrassment, humiliation and other forms of pain and suffering that is on-going, and permanent in nature without Plaintiff in anyway contributing thereto.

57.    Defendant Ports Authority is responsible for the acts and omissions of its employees for actions taken in the scope of and in the course of their employment.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.    Award compensatory damages;

b.    Award punitive damages;

c.    Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, and lost job benefits he would have received but for Defendant's unlawful conduct;

d.    Award any out-of-pocket expenses incurred as a result of Defendant's unlawful conduct;

e.    Award reasonable attorneys' fees, costs, and expenses incurred for this action;

f.    Award equitable, declaratory, and injunctive relief; and

g.    Award such other and further relief as this Honorable Court deems just and proper.

## <u>COUNT THREE</u>

### (Discrimination on the Basis of Age in Violation of 29 U.S.C. § 623)

50.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

58.    29 U.S.C. § 623 makes it unlawful for an employer to fail or refuse to hire, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment on the basis of such individual's age.

59.    Plaintiff works for Defendant and is a member of a class protected under by virtue of his age (YOB: 1960).

60.    As an entity formed and doing business within the jurisdiction of the United States, Defendant must abide by 29 U.S.C. § 623.

61.    Other employees of Defendant and who are individuals under 40 are treated more favorably than Plaintiff by: receiving MITAG and practical training, becoming certified, and promoted to Crane Operators, a position for which Plaintiff is highly qualified but not allowed to obtain due to denial of practical training despite his completion of MITAG in December 2007.

62.    The individual(s) selected for the practical training and Crane Operator positions are younger (under 40) than Plaintiff.

63.    The Defendant has refused to allow Plaintiff to complete practical training although Plaintiff has repeatedly made requests and expressed interest, despite being prohibited from refusing to hire or promote employees based on their age.

64.    The foregoing actions by Defendant constitute discrimination on the basis of age, which have infringed upon Plaintiff's right to enjoy the terms, conditions, and privileges of employment and be provided the opportunity for advancement in his career, in violation of 29 U.S.C. § 623.

65.    As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings and other financial losses,

embarrassment, humiliation, and other forms of pain and suffering that is on-going, and permanent in nature without Plaintiff in anyway contributing thereto.

66.    Defendant Ports America is responsible for the acts and omissions of its employees for actions taken in the scope of and in the course of their employment.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.    Award compensatory damages;

b.    Award punitive damages;

c.    Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, and lost job benefits he would have received but for Defendant's unlawful conduct;

d.    Award any out-of-pocket expenses incurred as a result of Defendant's unlawful conduct;

e.    Award reasonable attorneys' fees, costs, and expenses incurred for this action;

f.    Award equitable, declaratory, and injunctive relief; and

g.    Award such other and further relief as this Honorable Court deems just and proper.

Dated: March 21, 2023                    Respectfully submitted,

By:    Sara Furlow

Sara E. Furlow, Esq.
Bar No. 22095
Tully Rinckey, PLLC
2001 L Street NW, Suite 902
Washington, DC 20036
(202) 787-1900
sfurlow@fedattorney.com

11

Stephanie Rapp-Tully, Esq.
Bar No. 18555
Tully Rinckey, PLLC
2001 L Street NW, Suite 902
Washington, DC 20036
(202) 787-1900
srapptully@fedattorney.com

*Counsel for Plaintiff*